UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VISHAL V.,

Petitioner,

v.

TONYA ANDREWS, Warden of Golden State Annex Detention Center,

Respondent.

No.  1:26-cv-00111-KES-SKO (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner Vishal V. is an immigration detainee proceeding pro se with a petition for writ of habeas corpus.[1]  Doc. 1.  The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

After respondent filed a response to the petition and certain documents concerning petitioner's prior release from detention and subsequent re-detention, *see* Docs. 8, 9, the Court ordered respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Yon Kervis U. v. Chestnut*, *Clene C.D. v.*

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

*Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition.  Doc. 10.  Respondent states that there "appears to be no substantive distinctions between this case and the other cases the Court cited in its minute order," Doc. 12, and the Court has previously addressed respondents' arguments.[2]

As respondent has not made any new legal arguments and has not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons stated in those prior orders.

Respondent is ORDERED to release petitioner immediately.  Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

The Clerk of Court is directed to serve a copy of this Order on petitioner at his address of record on the docket (Golden State Annex).  The Clerk of Court is also directed to mail a copy of this Order to petitioner at 336 North Millard Avenue, Fresno, California 93727.[3]

IT IS SO ORDERED.

Dated:    January 21, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[2] Respondent also waived oral argument.  Doc. 8 at 2.

[3] Petitioner's filing appears to identify this location as a mailing address for him upon his release from custody.

2